**SO ORDERED.**

**SIGNED this 10 day of September, 2012.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | |
| CAROLINA MARINA AND YACHT CLUB, LLC, | CHAPTER 11<br>CASE NUMBER: 11-04559-8-RDD |
|     DEBTOR | |
| CAROLINA MARINA AND YACHT CLUB, LLC, | ADVERSARY PROCEEDING<br>NUMBER: 12-00219-8-RDD |
|     Plaintiff | |
|     v. | |
| FIRST BANK;<br>ALAN M. SOLANA;, | |
|     Defendants | |

**ORDER DENYING MOTION FOR INJUNCTIVE RELIEF**

Pending before the Court is the Amended Complaint and Motions for Injunctive Relief (the "Amended Complaint") filed by Carolina Marina and Yacht Club, LLC (the "Plaintiff") on

September 4, 2012[1]. The Court conducted a hearing on this matter on September 6, 2012 in New Bern, North Carolina.

The Amended Complaint includes a Motion for Preliminary Injunction and a Motion for Permanent Injunction. The Plaintiff requests the Court impose a preliminary injunction and permanent injunction enjoining First Bank and Alan M. Solana, and any other person or entity acting in concert with them from selling property of the Plaintiff through a foreclosure proceeding.

The Plaintiff filed a petition for relief under Chapter 11 of the Bankruptcy Code on June 13, 2011. First Bank filed Proof of Claim No. 7 claiming a secured claim in the amount of $1,024,893.04 based on a Promissory Note executed by the Plaintiff. The Promissory Note is secured by certain real property owned by the Plaintiff (the "Property"). The Order Confirming Chapter 11 Plan (the "Confirmation Order") was entered on February 14, 2012 and provided:

> The Debtor will be given 120 days from the entry of the confirmation order to sell or to refinance in an amount sufficient to pay First Bank in full . . . .
>
> If First Bank is not paid in full within 120 days of the entry of the confirmation order, Debtor shall conduct an auction of the Property to be consummated within 180 days after entry of the confirmation order with a reserve price of at least the amount necessary to net to First Bank payment in full of all principal, interest, fees, and expenses, after payment of all taxes, costs of sale, and auctioneer commissions . . . .
>
> Within 120 days of entry of the confirmation order, Debtor shall be required to pay in full all outstanding ad valorem taxes on the Property, including those for 2011. . . .
>
> If the Property is not sold at auction for an amount sufficient to satisfy First Bank's claim in full as set forth herein or if the stay is modified *in rem* as set forth herein, the Property shall be immediately surrendered to First Bank. First Bank shall have the option of accepting a deed in lieu of foreclosure, or foreclosing . . .

---

[1] The Complaint and Motions for Injunctive Relief (the "Complaint") was filed by the Plaintiff on August 27, 2012. The Complaint was amended on September 4, 2012.

> If the Property does not timely sell at auction as set forth above or the taxes are not paid as set forth above, the automatic stay with respect to the Property shall be modified *in rem* with respect to the Property such that the automatic stay in this case and in any future bankruptcy case is modified *in rem* with respect to the Property.

*In re Carolina Marina and Yacht Club*, LLC, Case No. 11-04559-8-RDD (Bankr. E.D.N.C. Feb. 14, 2012).  The Plan was confirmed with an affirmative vote from First Bank, which negotiated the above terms with the Plaintiff. First Bank then withdrew its objection to confirmation.

In the bankruptcy case, the Plaintiff filed the First Motion to Modify Confirmed Chapter 11 Plan of Reorganization on August 13, 2012, one day prior to the expiration of the 180 day period. The motion seeks to extend the marketing period as provided for in the Confirmation Order for another 120 days from the date of the order modifying the plan. The motion states that an investor has been negotiating with First Bank about buying the note and it appears that if successful, would obviate an auction. Further the motion provides that the Plaintiff intends to obtain permits from the county, market, and sell the Property which will provide creditors with more than they would receive if the Property was surrendered to First Bank.

First Bank filed the Objection to Debtor's Motion to Modify Confirmed Plan of Reorganization on August 28, 2012.  The Bankruptcy Administrator filed the Objection to Motion to Modify Confirmed Chapter 11 Plan on September 5, 2012.

The Plaintiff failed to comply with the terms of the Confirmation Order.  Prior to the petition date First Bank commenced foreclosure against the Plaintiff's Property and on February 1, 2011, the North Carolina state court entered its Findings and Order Allowing Foreclosure of Deed of Trust, and the Substitute Trustee scheduled foreclosure for April 1, 2011. The Plaintiff commenced its bankruptcy petition on the last day of the ten day upset bid period and the foreclosure was stayed. Upon the Plaintiff's failure to comply with the terms of the Confirmation Order, First Bank reopened

the foreclosure proceeding. A foreclosure sale of the Property is scheduled to be held on September 10, 2012.

Counsel for the Plaintiff and Counsel for First Bank appeared at the hearing on September 6, 2012.

When determining whether an injunction is warranted, courts should balance the following four factors: (1) the likelihood of irreparable harm to the movant if the injunction is denied; (2) the likelihood of harm to the respondent if the injunctive relief is granted; (3) the movant's probability of success on the merits; and (4) whether public interest is served by granting injunctive relief. *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 338 (4th Cir. 2001) (citation omitted).

The Fourth Circuit recognizes that courts should issue preliminary injunctions sparingly and only in limited circumstances. *Id.* at 339 (quotation omitted).

In considering the above factors, the Court finds that a preliminary injunction is not warranted in this case. The Confirmation Order required the property to be marketed within 120 days of the entry of the Confirmation Order and the auction was to be conducted within 180 days of the entry of the Confirmation Order. The confirmed plan has been substantially consummated by the expiration of the time limits as set forth in the Confirmation Order. Pursuant to 11 U.S.C. § 1127(b), substantial consummation has occurred and the plan may not be modified. *See In re Dean Hardwoods, Inc.*, 431 B.R. 387, 392 (Bankr. E.D.N.C. 2010) (noting that the window to modify a plan closes once the plan has been substantially consummated); *In re Dam Road Mini Storage*; 156 B.R. 270, 271 (Bankr. S.D. Cal. 1993) (noting that a debtor's inability to sell the property by the deadline in the confirmation order is not a reason for modification under § 1127(b)). As a matter of law, because the plan has been substantially consummated, the plan may not be modified. The

Plaintiff delayed in performing under the consensual Confirmation Order.  Since the plan may not be modified, no reason exists to enter a preliminary injunction.

The Plaintiff's Motion for Preliminary Injunction and Motion for Permanent Injunction is **DENIED**.  Therefore, no injunction shall be issued against First Bank regarding the foreclosure sale scheduled for September 10, 2012. It is **DIRECTED** that the funds held in escrow for *ad valorem* taxes be paid to New Hanover County.   The First Motion to Modify Plan filed by Carolina Marina and Yacht Club, LLC in the bankruptcy case (DKT # 137) is moot as the original plan has been substantially consummated.

**SO ORDERED.**

**END OF DOCUMENT**